IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TODD JAGER,

    Plaintiff,

v.                                                  Civ. No. 18-743 GBW/CG

JAMES MULHERON, *et al.*,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. *Doc. 30.* For the following reasons, the Court will grant the Motion.

On November 8, 2018, Plaintiff filed his Motion. All Defendants except Defendant Mulheron (hereinafter "Centurion Defendants") filed a Response on November 19, 2018. *See doc. 31.* Defendant Mulheron notified the Court of a stipulated extension permitting him until December 10, 2018 to file a response. *See doc. 33*; *see also* D.N.M.LR-Civ. 7.4(a). That date has passed and no response, motion for an extension, or second notice of an agreed upon extension has been filed by Defendant Mulheron. Pursuant to Local Rule 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to

grant the motion." D.N.M.LR-Civ. 7.1(b). Thus, Defendant Mulheron has consented to the Motion being granted.[1]

As noted, the Centurion Defendants filed a Response. They argue that the Court should deny the Motion as a sanction for Plaintiff misrepresenting facts to the court. *See doc. 31* at 2-3. The alleged misrepresentation was the statement in the Motion that "Defendants oppose [sic] to [sic] Plaintiff being allowed to amend his Complaint." *Id*. at 2 (quoting *doc. 30*, ¶ 7). Instead, they had advised Plaintiff that they did "not oppose amendment, but the case is stayed pending the determination of qualified immunity, so the motion is premature. Once the stay is lifted, please feel free to note my approval on my clients' behalf (assuming the motion and attachments remain the same as those you circulated)." *Id*., Ex. B. Therefore, the Centurion Defendants argue, they "explicitly did not oppose Plaintiff being allowed to amend his Complaint." *Id*. at 2. The Court does not agree.

While the Centurion Defendants had indicated that they did not "oppose amendment" in principle, they did indicate opposition to a motion filed while the stay was pending. Consequently, when Plaintiff filed the Motion before the stay was lifted, it was accurate to say that the Centurion Defendants opposed it. Local Rule 7.1(a) requires only that the "Movant … determine whether a motion is opposed" and recite

---

[1] It also appears that Defendant Mulheron's opposition to the Motion was contingent on the pendency of the stay. *See doc. 31*, Ex. C.

that concurrence was sought. D.N.M.LR-Civ. 7.1(a). Indeed, it might have been better practice for Plaintiff to advise the Court that the Centurion Defendants' opposition was limited to the pendency of the stay, but the Rule does not require an explanation of the basis of opposition or when such opposition might be withdrawn. In any event, the simple statement that the Centurion Defendants opposed the motion when filed was not a misrepresentation. Certainly, it was not a misrepresentation worthy of sanctions pursuant to Fed. R. Civ. P. 11.

As Centurion Defendants otherwise do not oppose Plaintiff's Motion for Leave to File First Amended Complaint,[2] there is no basis upon which to deny it.

THEREFORE, IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (*Doc. 30*) is GRANTED. Plaintiff may file the amended pleading attached to his Motion as Exhibit 1.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[2] In fact, Centurion Defendants argue that an "appropriate sanction [would be] for the Court to deny Plaintiff's Motion for Leave to File First Amended Complaint but grant Plaintiff leave to file the motion once the stay is lifted." *Doc. 31* at 3. While the stay has been lifted pursuant to the ruling on the Motion to Dismiss (*see docs. 24, 34*), the Court notes that the delay in ruling on the instant motion was not intended as a sanction.